# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RYAN DEAN THURLOW, | ) | |
| | ) | |
| Petitioner, | ) | 1:16CV521 |
| | ) | 1:16CV385 |
| v. | ) | 1:11CR48-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ryan Dean Thurlow, a federal prisoner, has brought two motions (Docket Entries 122 and 130) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was indicted for, and ultimately pled guilty pursuant to a plea agreement to, two counts of carrying and using by brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). (Docket Entry 58; 11/17/2011 Minute Entry; Docket Entries 77 and 92.) After an unsuccessful appeal, *United States v. Thurlow*, 514 F. App'x 370, 371 (4th Cir. 2013), Petitioner filed a "Motion to Dismiss," which the Court construed as Petitioner's first § 2255 motion. (Docket Entries 122 and 123.)

The undersigned next entered a Recommendation, which is still outstanding, recommending that the motion be dismissed without prejudice so that Petitioner might file his motion on the proper forms. (Docket Entry 123.) Petitioner then filed his second § 2255 motion, this time on the correct forms. (Docket Entry 130.) The Court then ordered the Government to respond. (Docket Entry 131.) Pending the Government's response,

–1–

Petitioner filed a "Motion to Dismiss" seeking to dismiss his § 2255 motions, while reserving the right to raise his *Johnson* claim in a motion under 28 U.S.C. § 2241. (Docket Entry 134.)

Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). Here, the Government has yet to file a responsive pleading to either of Petitioner's motions. Petitioner may therefore voluntarily withdraw his motions.[1]

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Dismiss (Docket Entry 134) be **GRANTED**; his § 2255 motions (Docket Entries 122 and 130) be deemed withdrawn; and that the civil cases opened under those pleadings be terminated.

Joe L. Webster<br>
United States Magistrate Judge

July 8, 2016

---

[1] If Petitioner withdraws his motions, and therefore his claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), it will be time-barred thereafter under the limitations statute. *See* 28 U.S.C. § 2255(f). Nor will Petitioner be able to seek *Johnson* relief under 28 U.S.C. § 2241. A prisoner may use § 2241 to attack his conviction only if he first establishes that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also, e.g., Ross v. Mitchell*, No. 6:10-cv-1891-GRA, 2010 WL 3522357, at *2 (D.S.C. Sept. 3, 2010). "The fact that a Section 2255 action may be untimely . . . does not render a Section 2255 remedy inadequate or ineffective." *Parnell v. Meeks*, No. 6:15-cv-2817-MGL-KFM, 2015 WL 9694515, at *3 (D.S.C. Dec. 9, 2015) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)), *report and recommendation adopted*, 2016 WL 128148 (D.S.C. Jan. 11, 2016). If, armed with this knowledge, Petitioner still wishes to withdraw his motions, he need not file any additional pleadings. On the other hand, if Petitioner wishes to proceed with the *Johnson* claim set forth in his second § 2255 motion, he should so notify the Court prior to the expiration of the time for objecting to this Recommendation.